Belaval, Peticionario y Apelante, *v.* Todd, Alcalde de San Juan, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en procedimiento de ejecución de sentencia en pleito de *mandamus*.

No. 1552.—Resuelto en febrero 20, 1917.

Resuelto en reconsideración en abril 10, 1917.

Mandamus—Cargo o Empleo—Daños y Perjuicios—Sueldos—Cuestiones Resueltas.—Aun cuando en una petición de *mandamus* para que se restituya al peticionario en su cargo o empleo, se soliciten también daños y perjuicios conforme a la Sección 11 de la ley, calculados éstos por los sueldos dejados de percibir, si la sentencia sólo ordena la restitución del peticionario sin hacer pronunciamiento alguno en cuanto a los daños y perjuicios, la presunción es de que no se probaron en el juicio y de que tal cuestión fué resuelta en contra del peticionario, careciendo de jurisdicción el tribunal sentenciador para ordenar luego el pago de dichos sueldos en el procedimiento para ejecución de sentencia.

Id.—Daños y Perjuicios—Momento de Fijarlos.—Es la clara inteligencia de la Sección 11 de la Ley de *Mandamus*, que la indemnización a que tenga dere-

cho el peticionario por daños y perjuicios sufridos, debe ser fijada por el tribunal simultáneamente o con anterioridad a la expedición del auto perentorio.

ALEGACIONES Y PRÁCTICA—SENTENCIA—PRESUNCIÓN DE CUESTIONES RESUELTAS.— Se presume, mientras no se demuestre lo contrario, por ser ley elemental de alegaciones y práctica (*pleadings and practice*), que el tribunal resuelve en su sentencia todas las cuestiones habidas entre las partes; y que aquellas que de la misma no aparecen como determinadas, fueron resueltas en contra del peticionario.

ID.—PRUEBAS—RECONSIDERACIÓN PARA CORREGIR DEFICIENCIAS.—Las partes deben presentar sus pruebas en el juicio, y cuando el caso se somete a la consideración del tribunal para su decisión, el demandado queda libre de la obligación de tener que seguir compareciendo al juicio, siendo una regla casi invariable la de no reconsiderar el caso para corregir una deficiencia.

RECONSIDERACIÓN DE SENTENCIA.

MANDAMUS—NATURALEZA DEL DEBER—DAÑOS Y PERJUICIOS—PERSONAS QUE PUEDEN SER COMPELIDAS Y CUÁNDO—PAGO DE SUELDOS A FUNCIONARIOS DE FACTO.—Cuando en un recurso de *mandamus* contra un alcalde para que se restituya al peticionario en su cargo de director de hospitales y por daños y perjuicios, no se hace en la petición reclamación específica por dichos daños y perjuicios y la acción no se establece para el cobro de sueldos, disponiendo la Ley de *Mandamus* que la parte que ha de ser obligada debe tener la facultad de poder ejecutar el acto, no siendo el alcalde el funcionario encargado de pagar los sueldos de los empleados, la cuestión de sueldos quedó excluída y no podía ordenarse al alcalde el pago de los mismos, por la naturaleza del procedimiento, por los términos de la petición, y por razón del funcionario contra quien fué librado el auto. El decir que los daños y perjuicios han de calcularse por los sueldos no hace equivalentes ambos términos entre sí. Los únicos actos sujetos a *mandamus* son los de *publici juris* y nunca las obligaciones de pagar determinadas sumas adjudicadas por sentencia. *Quaere:* Si el pago del sueldo a un funcionario *de facto* impedirá la restitución del mismo al peticionario.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eduardo Acuña, Horacio S. Belaval y José Martínez Dávila.*

Abogado del apelado: *Sr. Ramón Falcón.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El efecto final de las varias y muy reñidas apelaciones anteriores en este caso fué el de exigir a la corte inferior que ejecutara la sentencia dictada por ella en 22 de mayo de 1914, la cual es como sigue:

"*Sentencia.*—El día catorce de mayo de mil novecientos catorce

y en corte abierta se llamó este caso a la vista del auto de *mandamus* solicitado y comparecieron ambas partes por conducto de sus respectivos abogados y anunciaron estar listas para el acto.

"En su virtud el demandado presentó su contestación y ambas leyeron sus alegaciones e introdujeron prueba documental y testifical, que fué admitida y practicada en debida forma durante el propio día catorce de mayo de mil novecientos catorce, y los días quince, diez y seis y diez y ocho y diez y nueve de los mismos mes y año, y sometieron el caso por medio de *briefs* para la presentación de los cuales le fué concedido a cada parte un plazo de tres días.

"Y en el día de hoy la corte, después de haber estudiado cuidadosamente la petición presentada y por las razones consignadas en la opinión que obra en autos y que se hace parte de esta decisión, dicta sentencia, y en su consecuencia, declara con lugar la petición, y ordena que se expida un auto perentorio de *mandamus,* ordenándose al demandado la restitución en su cargo del Dr. José S. Belaval, con imposición de costas al referido demandado.

"Pronunciada en corte abierta el día 22 de mayo de mil novecientos catorce y registrada en la misma fecha. Firmado: Félix Córdova Dávila, Juez. Certifico: C. Marrero, Secretario. Copia de la sentencia dictada en este caso, registrada a los folios 191, 192 y 193, tomo 11. C. Marrero, Secretario."

De consiguiente, en 7 de junio de 1916, la corte inferior en un razonado mandamiento o auto, ordenó al alcalde que restituyera el Doctor Belaval en su cargo y empleo de Director de los Hospitales Municipales de San Juan, con todas las prerrogativas y emolumentos inherentes a dicho cargo, auto que fué diligenciado por el márshal y devuelto cumplimentado el día 8 de junio de 1916. El día 9 de junio, 1916, o sea, a los dos años y algunos días después de haber sido registrada la sentencia original en este caso, el peticionario presentó una petición a la Corte de Distrito de San Juan, alegando en substancia, que ya que el doctor había tomado posesión de su cargo de director de los hospitales, restaba sólo cumplir el segundo particular de su petición de *mandamus,* referente a la indemnización de daños y perjuicios que habían de ser calculados por el sueldo, todo conforme con la sección 11 de la Ley de *Mandamus.*

Según los autos tiene que suponerse que no hubo ningún otro juicio en este caso. La presunción es que la corte procedió correctamente y que la sentencia de 22 de mayo, 1914, resolvió todas las cuestiones entre las partes, o que aquellas que de la sentencia no aparecían como determinadas fueron resueltas en contra del peticionario. Esta es ley elemental de alegaciones (*pleadings*) y práctica. Asimismo hubiera sido el deber del apelante el demostrar lo contrario. Puede observarse que la sentencia no hace pronunciamiento alguno en favor del peticionario sobre indemnización de daños y perjuicios.

La corte consideró la referida solicitud del peticionario sobre ampliación de los términos del auto de 7 de junio, y resolvió que, como emolumentos a que se refiere tal auto, tenía derecho al importe de los sueldos desde la fecha de su destitución hasta el día en que fué repuesto y en 14 de junio de 1916 dictó una orden para que se diera cumplimiento a su sentencia. El demandado compareció ante la corte y demostró que dichos sueldos habían sido satisfechos a otros dos funcionarios *de facto* que durante dicho período de tiempo había servido el cargo de director. Y la corte, por los méritos de dicha alegación, dejó sin efecto en 6 de julio, 1916, su anterior auto de junio 7, sin perjuicio de los derechos del actor para reclamarlos en acción separada.

Ha habido mucha discusión sobre el derecho de un municipio a estar exento de verificar el pago cuando los pagos se han hecho a funcionarios *de facto*, pero no consideraremos esto porque en las fechas en que se dictaron dichas órdenes la corte no tenía facultad y creemos que tampoco jurisdicción para ordenar el pago de los sueldos del peticionario.

Para sostener esta teoría sobre reclamación de daños y perjuicios en este caso el apelante cita la sección 11 de la Ley de *Mandamus,* la que en unión de la sección siguiente de dicha ley transcribimos a continuación:

"Sección 11.—Si se dictare un veredicto a favor del demandante,

éste recobrará la indemnización a que tenga derecho por los daños
y perjuicios sufridos, cuya indemnización y costas se fijarán por el
tribunal como si se tratase de una acción civil, y se dictará también,
sin dilación alguna, un auto de *mandamus* perentorio.

"Sección 12.—La recuperación de daños y perjuicios en virtud
de esta ley contra las personas que hubieren contestado un *manda-
mus,* impedirá el ejercicio de cualquiera otra acción contra la misma
persona a causa de su contestación."

Bajo la idea del derecho de que se creía asistido, el ape-
lante alegó en su petición original que se encontraba per-
cibiendo un sueldo de dos mil dólares anuales como direc-
tor, y suplicó a la corte que condenara al demandado al pago
de la indemnización de los daños sufridos por él. La sen-
tencia que ha sido transcrita anteriormente demuestra que
se celebró un juicio en el que ambas partes presentaron sus
pruebas y que el caso fué sometido por medio de alegatos.
Sin embargo, la sentencia, como antes hemos dicho, no hizo
pronunciamiento alguno sobre daños y perjuicios.

Podríamos hacer alguna consideración respecto a si el
peticionario hizo renuncia de su derecho en cuanto a los da-
ños y perjuicios, o si intentó reservarse el derecho como apa-
rece de su actitud subsiguiente, o si abandonó por completo
el tener que probar sus daños. Es cierto que tanto el ape-
lante como el apelado tuvieron su juicio y día ante la corte
y la sentencia náda dice acerca de los daños y perjuicios.
*De non apparentibus et non existentibus eadem est ratio,*
y tenemos que presumir lo que es casi indiscutiblemente un
hecho, que no se probaron daños y perjuicios en el juicio.
La sentencia resolvió todas las cuestiones habidas entre las
partes.

Si el apelante, especialmente después del tiempo trans-
currido en este caso, hubiera presentado una moción a la
corte para obtener una reconsideración en el caso, dejando
sin efecto o modificando la sentencia para permitirle pro-
bar sus daños, creemos que la corte hubiera estado obligada
a negar la solicitud y aun cuando tuviera discreción, a no

ejercitar la misma.   Las partes deben presentar sus prue-
bas en el juicio y cuando se somete un caso a la considera-
ción de la corte para su decisión el demandado queda libre
de la obligación de tener que seguir compareciendo al jui-
cio, y es una regla casi invariable no reconsiderar un caso
para corregir una deficiencia.   Pero no se presentó ninguna
moción sobre apertura del caso, procedimiento que fué muy
correcto.

El apelante trató de obtener una indemnización de daños
y perjuicios en procedimientos de ejecución de sentencia sin
hacer la corte ninguna adjudicación de los mismos, y pre-
suntivamente sin celebrarse juicio sobre las cuestiones rela-
tivas a los daños y perjuicios.   Sin dudar de que el apelante
actuaba de buena fe es verdaderamente anómalo pretender
que el alcalde fuera condenado a pagar daños y perjuicios
sin haber un juicio o prueba en la misma acción que se fun-
daba precisamente en la falta de notificación y audiencia al
apelante al destituirlo de su cargo.   El hecho es, sin embargo,
que la cuestión relativa a los daños y perjuicios debió haber
sido precisada en el juicio y el tratar de obtener la concesión
de daños y perjuicios por medio de una petición adicional
y ejecución no estuvo justificado en absoluto.   Todos los últi-
mos procedimientos seguidos por el apelante eran *coram non
judice.*   El apelado tenía derecho a ser oído en un juicio, en
el juicio original sobre la cuestión de daños.

Estos principios son fundamentales y no pretendemos de-
ducirlos de las citas de casos, pero hemos encontrado uno
muy interesante en íntima relación con los hechos de este jui-
cio, o sea, el de *People ex rel Goring* v. *President,* 13 Misc.
732.   La opinión fué emitida por el Juez Sr. Gaynor.   Antes
de la promulgación de leyes especiales semejantes a la sec-
ción 11 el promovente solamente podía obtener una indem-
nización por daños y perjuicios mediante acción separada.
Después de la orden de *mandamus* perentorio en ese caso
se hizo una solicitud para la tasación de daños en cierto modo
de acuerdo con la forma en que la hizo el peticionario en

esta acción y la corte resolvió que no podía haber daños y perjuicios puesto que tenían que ser fijados antes de dictarse la orden definitiva.  Entendemos que ésta es la clara inteligencia de la sección 11, *supra,* en la cual se funda el apelante.  La fijación de los daños y perjuicios es contemporánea o anterior a la expedición del auto perentorio.

A juzgar por la actitud del apelante en el acto de la vista él argüiría que siendo los daños por el sueldo devengado éstos eran una suma fija y precisa.  Además, también el apelante alegó que la acción fué solamente para recobrar los daños y perjuicios, precisamente como dispone el estatuto. El alcalde, siguiendo la misma teoría del apelante para recobrar los daños, podría haber presentado razones para destruir la contención referente a todos o parte de los daños y perjuicios, y estuviera o no justificado para defenderse contra la indemnización, como lo hizo contra el mandamiento de ejecución que se trató de librar en este caso.  Si la naturaleza de la reclamación era por daños y perjuicios, el alcalde como en los casos de patrono y empleado, pudo quizás haber demostrado que un empleado en particular no es perjudicado en la medida de todo su sueldo si tiene otro empleo o remuneración.

El caso de *People ex rel Goring* v. *President, supra,* presenta otra dificultad que más bien mencionamos sin resolver terminantemente y ésta es que los daños que tuvo presente la ley de *mandamus* son únicamente aquellos que surgen después de la expedición y notificación de un auto alternativo de *mandamus*.  La opinión muestra que en la ley común no podían existir daños en un procedimiento de *mandamus*.  Al ser contestado un auto alternativo, la contestación impedía al peticionario hacer cualquier otra reclamación, y si la contestación era falsa el promovente estaba obligado a establecer una acción por una contestación falsa en la que de obtener éxito no solamente recobraba daños por dicha falsa contestación sino también un *mandamus* perentorio.  Fueron aprobados estatutos para dar derecho al

peticionario a recobrar en el mismo procedimiento de *man-damus,* pero como dice el Juez Sr. Gaynor, solamente por la falsa contestación. Los estatutos aprobados parecían ser iguales o semejantes a nuestro estatuto. Cualesquiera que fueran los daños o su naturaleza sólo podían originarse desde la fecha de la falsa contestación.

En otras palabras, ocurre todavía alguna duda respecto a si el apelante podría obtener en una petición de *mandamus* todos los daños que reclamó.

Todas estas consideraciones van a demostrar que la cuestión de daños *vel non* debió haber sido resuelta en un juicio amplio. La orden apelada fué dictada debidamente aun cuando creemos que está regulada por razones más fundamentales que las alegadas por el juez, y debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.

————

Habiéndose presentado con posterioridad una moción de reconsideración de sentencia, el tribunal por su Juez Asociado Sr. Wolf, emitió la siguiente opinión:

El apelante ha presentado a este tribunal una moción para que reconsidere su sentencia. Parecía a la corte que su opinión original era razonablemente clara, pero en vista de las dificultades que parecen presentarse al apelante, hemos tomado algún tiempo de nuestra atareada sesión para expresar las demás razones en que se funda nuestra sentencia. En el auto de junio 7, 1916, se ordenaba a Roberto H. Todd, Alcalde de San Juan, que inmediatamente restituyera en su cargo y empleo al Dr. Belaval, con todas sus prerrogativas y emolumentos inherentes a dicho cargo; y la orden o resolución dictada en junio 14, 1916, expresaba que los emolumentos a que hacía referencia la orden de junio 7, era el importe total de los sueldos devengados (así dice la orden) desde la fecha en que fué separado de su cargo el Dr. Belaval.

Aunque el apelante insiste técnicamente en que trataba de recobrar daños y perjuicios de acuerdo con la sección 11 de la Ley de *Mandamus,* considera, en efecto, los procedimientos como si fueran una acción establecida en cobro de salarios por mandato específico de un tribunal.

La tentativa en este caso por cobrar más de cuatro mil dólares mediante mandato específico de una corte (cuasi *mandamus*), no estuvo justificada por la sentencia ni por el juicio, ni por los alegatos, ni siquiera por algún precepto legal.

La principal cuestión es la que se refiere a la sentencia misma. Si examinamos de nuevo dicha sentencia se verá que en ella se ordena la restitución del peticionario en su cargo con costas al demandado, pero que no concede daños y perjuicios. En la sentencia la corte expresa que declara con lugar la petición y ordena que se expida un auto perentorio de *mandamus* con costas, pero en la parte dispositiva de la sentencia, después de las palabras "y ordena," no se hace pronunciamiento alguno de daños y perjuicios ni respecto a los sueldos ni en cuanto a la casa, ni de otras cosas reclamadas en la petición y que claramente fueron abandonadas. El pronunciamiento relativo a daños y perjuicios debe hacerse en la sentencia misma. La forma corriente de dictar sentencia en cada caso es diciendo que se declara con lugar la demanda, pasando entonces la corte a hacer los pronunciamientos a los cuales considere que tiene derecho el demandante. Decir que se declara con lugar una demanda, o que procede una petición no es otra cosa que sostener al demandante en sus alegaciones. Esta es la práctica tanto de los tribunales españoles como americanos. Además, si examinamos la sección 11 se verá que los daños y perjuicios han de ser determinados por la corte como en una acción civil. Si han de fijarse los daños como si se tratase de una acción civil, tienen que fijarse por sentencia y en ésta deberá hacerse una conclusión sobre los mismos. Continúa la sección disponiendo que se dictará un auto de *mandamus* perentorio, lo que demuestra que la sentencia debe contener tanto el auto

de *mandamus* como la indemnización de daños y perjuicios. Si no se hacen a la vez, la concesión de daños precede al parecer al auto de *mandamus*. En este caso no había motivo para conceder daños en una forma distinta de como se hubieran concedido en cualquier otra acción civil. La cuestión relativa a que en una sentencia deberán hacerse los pronunciamientos necesarios para que pueda ser ejecutada nos parecía axiomática. Un párrafo del tomo 23 de Cyc., página 671, expone la ley en la siguiente forma:

"Para la validez de una sentencia es necesario que ésta sea precisa y terminante, o susceptible de que así lo sea mediante la debida interpretación; y con tal fin deberá expresar claramente la fecha en que se dicta, las partes, el asunto en controversia y especialmente el resultado de la acción con el remedio concedido, de manera que lo que la sentencia conceda, ordene o resuelva se vea claramente."

Sostiene el apelante que el tribunal inferior era el mejor intérprete de la fuerza y validez de su propia sentencia. Después que la sentencia ha sido dictada la corte de apelación tiene el mismo derecho que la corte inferior para interpretar el significado de las palabras contenidas en la sentencia. La corte inferior no puede dar a una sentencia una fuerza o validez que no surja de la sentencia misma. Además, creemos que la corte inferior no dió a su sentencia la interpretación que pretende darle el apelante. La corte dijo en su orden de junio 14 que la sentencia debe limitarse a ordenar que el peticionario sea restituído en su cargo y que la cuestión secundaria referente a la indemnización de daños y perjuicios debe determinarse en el auto. En otras palabras, mediante ejecución, como se resolvió en la opinión original.

Alega también el apelante que este tribunal sostuvo al apelante en este parecer en dos de sus decisiones. En el primer caso de *Belaval v. Todd,* 22 D. P. R. 633, teniendo todavía alguna duda este tribunal respecto a si podía ser puesto en posesión de su cargo el peticionario en aquella fecha, dijo que la confirmación de la sentencia podría darle algunos derechos de los que de otro modo podría quedar pri-

vado. Con esto no resolvía este tribunal que el peticionario tenía derecho en aquella fecha a cobrar sus sueldos en este mismo procedimiento de *mandamus.* Quiso sencillamente el tribunal dejar en libertad al peticionario a fin de que ejercitara cualesquiera derechos que pudiera tener, cosa muy distinta a decir que podía cobrar sus sueldos en el mismo procedimiento.

En el segundo caso de *Belaval* v. *Todd,* 24 D. P. R. 26, la corte se negó enteramente a resolver la cuestión puesto que la sentencia misma no había sido sometida a nuestra consideración. No existe posibilidad de interpretar la negativa de esta corte en hacer una determinación específica como que es una decisión a favor del apelante. La cuestión principal ante la corte que fué resuelta por una pequeña mayoría de tres votos contra dos, era que el peticionario tenía derecho a ser restituído en su cargo, y eso es todo lo que se resolvió en el caso. En junio 7, 1916, la sentencia dictada por la Corte de Distrito de San Juan en 22 de mayo, 1914, había pasado ya a la historia, y no existiendo fraude o algún otro elemento extraordinario parecido dicha sentencia no podía ser ampliada o dársele mayor alcance. Ni este tribunal ni la corte inferior tenían ningún derecho a intercalar nada en ella que ya no estuviera allí.

Hemos dicho que no se celebró juicio sobre la cuestión de daños y perjuicios. Con respecto a la mayor parte de los daños y perjuicios que reclama el peticionario, entendemos que fueron necesariamente muy pocos los que podían habérsele ocasionado a la fecha de la sentencia. Dentro del mes siguiente a su separación ordenó la corte que fuera restituído el apelante en su cargo y empleo. No hubo seguramente ningún juicio acerca de los daños resultantes después de la sentencia. La corte inferior en su opinión consideró un aspecto de esta cuestión cuando dijo que el alcalde podría demostrar que se hizo el pago. La cuestión principal, sin embargo, es que no hubo tales daños en tanto se trata propiamente de daños (*qua*). Estamos convencidos de que no

se probaron daños, sino solamente el hecho de que al ser
separado el apelante de su cargo estaba percibiendo un sueldo
de dos mil dólares. Según parece el apelante ha tenido la
creencia en todos los momentos de que en este caso los daños
y los sueldos son términos equivalentes. Con decirse que los
daños se calculan por el sueldo no quiere expresarse que los
dos términos sean equivalentes. Cuando se establece una
acción por daños contra un demandado, éste tiene el derecho
a demostrar en la forma que le sea posible que el deman-
dante no ha sufrido los perjuicios que alega en su demanda.
Estamos de acuerdo con la corte inferior en que si un fun-
cionario público establece una acción en un caso procedente
para el cobro específico de salarios, el demandado no puede
alegar, con el fin de rebajar el montante de la cuantía, que
el demandante ha percibido sueldos en otra parte. También
la corte parecía tener la idea de que los daños y los sueldos
eran términos equivalentes, pero como ya hemos indicado,
ésta no fué una acción en cobro de salarios.

Además, la cuestión de si podrían o no ser rebajadas las
ganancias obtenidas por el apelante—aceptando que ésta
fuera una acción específica para el cobro de sueldos—era una
cuestión legal respecto a la cual el apelado tenía derecho a
ser oído en juicio y en la que en realidad de verdad no fué
oído. Debemos decir de paso que el único hecho pro-
bado en el juicio según se desprende de los autos fué que
el peticionario se encontraba percibiendo un sueldo de dos
mil dólares, con derecho a casa y a otras cosas. El deman-
dado no negó estos hechos en su contestación. Pero el hecho
de no negarlos no era una admisión de que el peticionario
tenía derecho a los daños y perjuicios que reclamaba. El
debido pagador podría realmente haber pagado sus sueldos.

En este caso no se hizo reclamación específica de daños
y perjuicios. El peticionario simplemente reclamó daños
pero no fijó ninguna suma. La cuestión relativa a sus suel-
dos quedó excluída por los términos de la petición, por la
naturaleza del procedimiento de *mandamus* en este caso y

por razón del funcionario contra quien fué librado el auto.
El Alcalde de San Juan no es el funcionario encargado de
pagar los sueldos. Podría haberse ordenado a Todd pagar
daños por su acto ilegal, pero no podía ordenársele que pa-
gara sueldos.

Dada la capacidad de los abogados del apelante no po-
dríamos creer otra cosa sino que serían los últimos en sos-
tener que cuando en una sentencia se conceden daños y per-
juicios, éstos pueden ser recobrados por mandato específico
de una corte. Dichos daños tienen que cobrarse en un pro-
cedimiento de *mandamus* como lo serían las costas: por virtud
de ejecución contra la propiedad del demandado. Si se hu-
biera dicho en la sentencia ''con daños y perjuicios, los ·que
habrán de calcularse teniendo en cuenta el sueldo desde la
fecha de su separación del cargo hasta la fecha en que el peti-
cionario sea restituído en su empleo,'' suponiendo que la corte
tuviera facultad para hacer tal pronunciamiento, la sentencia
sería todavía por daños y perjuicios solamente, y los daños,
así como las costas, han de ser cobrados mediante ejecución
contra los bienes o propiedad de la parte contra quien se
dicta la sentencia. Con una sentencia por daños y perjuicios
ni la corte ni el márshal tenían derecho a tratar de cobrar
por mandato específico. Si al ser presentada la orden en
este caso al alcalde éste simplemente se hubiera negado a obe-
decerla y la corte hubiera librado mandamiento por desacato
y reducido a prisión al alcalde por dejar de hacer el pago,
dicho alcalde tendría derecho a ser puesto en libertad me-
diante *habeas corpus,* no sólo por razón de carecer la corte
de distrito de facultades, sino porque tal orden sería equi-
valente a una prisión por deuda. Lo único que está sujeto
al *mandamus* son los deberes *publici juris* y jamás las obli-
gaciones de pagar una suma específica concedida por sen-
tencia.

Dispone la Ley de *Mandamus* que la parte que ha de ser
obligada debe tener la facultad de poder ejecutar el acto.

El alcalde no tenía tal facultad en lo que a sueldos concierne. El no era el funcionario que podía hacer el pago.

Ya indicamos en la opinión original que la cuestión referente a qué daños podían cobrarse en un procedimiento de *mandamus* está envuelta en duda. Aunque en gran parte fué una cuestión académica en este caso, nos inclinamos a sustentar el criterio de que la corte inferior procedió correctamente al resolver que los sueldos, como tales, no podían ser cobrados por mandato específico de una corte por haber sido pagados ya a funcionarios *de facto*. En la vista ante este tribunal, el apelante para refutar esta teoría sostuvo tenazmente que lo que procuró obtener y había recobrado por virtud de la sección 11 de la Ley de *Mandamus* eran los daños y perjuicios. Convenimos en que el apelante pudo haber tenido derecho a recobrar daños y perjuicios, pero no se le concedieron ningunos en su sentencia. La sentencia es para nuestros fines, el alma del asunto y lo demás que se discute es sólo con el objeto de probar que la sentencia no podía tener el efecto que pretende darle el apelante.

Alega también el apelante que la única cuestión sometida a la consideración de este tribunal era si el pago hecho a los funcionarios *de facto* constituía un impedimento para poder recobrar el apelante sus daños y perjuicios. En lo que respecta a cuáles son las cuestiones de que podrán las cortes tomar conocimiento en apelación aun cuando quizás no hayan sido discutidas en la corte inferior, tales como la jurisdicción, o exposición de una causa de acción, llamamos la atención de los abogados a los textos y al artículo 109 del Código de Enjuiciamiento Civil. Para presentar la situación, podríamos decir que después que la corte había dictado su orden de junio 14, ordenando al alcalde pagar una suma específica de dinero, debimos haber considerado y declarado con lugar una solicitud interesando un mandamiento de *certiorari* sin tener que esperar el procedimiento más lento de la apelación. Según los preceptos terminantes de la ley el *certiorari* procede para corregir errores de procedimiento y

necesariamente para cuestiones de jurisdicción, y es corriente decir que si procede una apelación ésta comprenderá todas las cuestiones de que pueda conocerse en *certiorari.* En una apelación contra una sentencia u orden estamos obligados a considerar si la corte tuvo o no facultades para conceder lo que trató de obtenerse.

La moción debe ser desestimada.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.