Rafael San Millán, demandante y apelante, *v.* José García Abreu, demandado y apelado.

No. 3414.—*Visto:* Febrero 6, 1925. *Resuelto:* Junio 4, 1925.

Funcionarios (*Officers*)—Nombramiento, Condiciones y Término del Cargo—Funcionarios "*De Facto*"—Responsabilidad por Sueldos Percibidos.— Un funcionario municipal *de jure* que ilegalmente ha sido separado de su cargo, puede recobrar del funcionario *de facto* el sueldo cobrado por éste durante el período de exclusión ilegal de aquél.

Sentencia de Enrique Lloreda, J. (Arecibo), desestimando la demanda, con costas. Revocada.

*Rafael Rivera Zayas,* abogado del apelante; *R. Agrait Aldea,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Fundado en la teoría de que la demanda no aduce hechos determinantes de una causa de acción, la corte de distrito declaró con lugar la excepción previa formulada por el demandado y desestimó la demanda por las razones que pasamos a citar:

"El demandante, en síntesis alega: que fué nombrado Comisionado de Servicio Público, Policía y Prisiones del municipio de Arecibo, por la asamblea municipal; y que, posteriormente, ésta declaró nula su elección, vacando el referido cargo; y nombró para el mismo al demandado, ocupándolo éste dos meses diez días, al cabo de los cuales cesó en el mismo por virtud de resolución de la Corte Suprema de Puerto Rico en recurso de *certiorari* establecido por el demandante San Millán contra la Asamblea Municipal de Arecibo. Alega asimismo el demandante que el demandado durante el tiempo que desempeñó dicho cargo cobró el sueldo perteneciente al cargo de comisionado de servicio público, y que éste le fué pagado sin derecho alguno, ascendiendo a $588.71 el importe total del sueldo pagado, el cual alega le debe el demandado y no le ha sido sa-

tisfecho por éste a pesar de haberle requerido. Concluye solicitando se condene al demandado al pago de los $588.71, con sus intereses legales, costas, desembolsos y honorarios de abogado...

"En toda acción judicial deben contenerse los tres elementos constitutivos de la misma, o sean, derecho en el demandante, daño causado a dicho derecho, y remedio al daño alegado, siendo los hechos correspondientes a dichos elementos los determinantes de la causa de acción que se ejercita.

"Examinada la demanda, considero que en la misma no se aduce hecho alguno que determine o establezca vínculo o relación jurídica de clase alguna entre demandado y demandante, que haya producido una obligación en el demandado a favor del demandante y que aquél haya dejado de cumplir.

"Los hechos alegados en la demanda tienen, sí, relación directa con las actuaciones de la Asamblea Municipal de Arecibo, al nombrar primeramente al demandante San Millán comisionado de servicio público, y posteriormente al declarar nula su elección, y nombrar para el referido cargo al demandado José García Abreu, quien entró en el desempeño del mismo por elección y nombramiento de la asamblea municipal, no por violencia, usurpación ni despojo, sin que el error legal en que haya incurrido la asamblea municipal en sus actuaciones o resoluciones ilegales pueda afectar virtualmente al demandado, constituyéndolo en deudor de una cantidad que no procede de obligación alguna ni vínculo jurídico alguno establecido entre demandante y demandado, y que representa el sueldo correspondiente percibido por un funcionario *de facto* (véase 22 R. C. L., 588 y 589).

"En el caso de *Belaval* v. *Todd*, 24 D.P.R. 833, el Juez Wolf resolviendo una moción sobre reconsideración de la sentencia dijo:

" 'Aunque en gran parte fué una cuestión académica en este caso, nos inclinamos a sustentar el criterio de que la corte inferior procedió correctamente al resolver que los sueldos, como tales, no podían ser cobrados por mandato específico de una corte por haber sido pagados ya a funcionarios *de facto*. * * * Convenimos en que el apelante pudo haber tenido derecho a recobrar daños y perjuicios, pero no se le concedieron ningunos en su sentencia.'

"Se ha sostenido con mucha frecuencia que el pago hecho a un funcionario *de facto* es una buena defensa contra un pleito subsiguiente del funcionario *jure* para recobrar los sueldos dejados de percibir. Ruling Case Law, vol. 22, pág. 599."

En las páginas 588 y 589 del tomo 22 de *Ruling Case Law* encontramos sólo una definición del término *"de facto*

*officer''* (funcionario *de ·facto*), una exposición del funda-
mento de la doctrina *de facto,* y la distinción que se esta-
blece entre funcionarios *de facto* y *de jure.* El caso de *Be-
laval* v. *Todd,* 24 D.P.R. 820, y la sección 321, en la página
599 del tomo 22 de R. C. L., podrían tener cierta relación
acerca de la responsabilidad del municipio, si se le hubiera
hecho parte demandada en este pleito; pero no parecen sos-
tener la conclusión a que llegó la corte inferior.

La contrareferencia en las notas finales al párrafo citado
últimamente sirve, sin embargo, para identificar otro pá-
rrafo del cual cita el apelante en su alegato sin indicar el
tomo o la página. Es la sección 245 en la página 545 del
volumen ya citado (22 R.C.L.), que en parte es como sigue:

"En la ley común un funcionario *de jure* que ilegalmente ha
sido separado de su cargo puede demandar al funcionario *de facto*
por el sueldo que le ha sido pagado durante tal período de exclu-
sión ilegal del funcionario con derecho al cargo. No importa que el
rival del funcionario legal fuera puesto en posesión por virtud de
una sentencia de una corte con jurisdicción sobre la materia. Aun
cuando el derecho del funcionario *de jure* a recobrar los emolumen-
tos del estado o municipio se niegue, si han sido satisfechos al fun-
cionario *de facto* el derecho del funcionario *de jure* a recobrarlos
en la debida acción está reconocido. El principio fundamental es
que el funcionario *de facto* antes de entrar en el cumplimiento de
sus deberes del cargo y recibir sus emolumentos está obligado a sa-
ber si tiene un título.''

Véase también el tomo 29 de Cyc., pág. 1430; 12 Ann.
Cas. 894, y nota; y 2 McQuillin sobre Corporaciones Muni-
cipales, pág. 1125, citados por el apelante.

Puede ser y probablemente es cierto que el demandado,
si no es parte en el procedimiento de *certiorari,* no está obli-
gado por el mismo. Quizá el anterior pronunciamiento de
este tribunal en cuanto a la nulidad de la acción tomada por
la asamblea municipal es a lo sumo prueba *prima facie* de
tal nulidad, o no es prueba alguna de la misma, en tanto
concierne a los respectivos derechos de las partes en esta
acción.

Posiblemente hubiera sido mejor alegación para el demandante haber alegado hechos indicativos de que tal acción era *ultra vires,* independientemente del resultado en el procedimiento de *certiorari.*  Pero ello no implica que la demanda deja enteramente de expresar una causa de acción, por defectuosa que sea en su forma, o quedar de otro modo sujeta a un ataque por otros fundamentos, acerca de lo cual no expresamos ninguna opinión.

Creemos que es razonablemente claro, en vista de la alegación tal y como aparece, admitiendo que los hechos alegados son ciertos, y prescindiendo de la forma en que han sido expresados, que el demandante era el funcionario *de jure* durante el tiempo que el demandado desempeñó el cargo y recibió el sueldo como funcionario *de facto.*  Y a menos que haya de establecerse alguna distinción sutil sobre la cual no se nos ha llamado la atención entre la acción de la ley común por virtud de un contrato expreso (*assumpsit*) en la forma de una cuenta por dinero obtenido y recibido, y la acción de la ley civil proveniente de cobro de lo indebido, y aún en tal caso, a menos que la acción de la ley común o su equivalente no exista de otro modo en esta jurisdicción hoy, y el alegato del apelado no contiene ninguna indicación en este sentido, entonces los hechos citados en último término son bastantes para constituir una causa de acción.

*Debe revocarse la sentencia apelada.*